**SANDERS LAW GROUP**
Craig Sanders (SBN 284397)
csanders@sanderslaw.group
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
File No.: 129711

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Global Weather Productions, LLC, | Case No: |
| Plaintiff, | |
| v. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501** |
| ICEYE US, Inc. and Weather Group Television, LLC, | |
| Defendants. | |

Plaintiff Global Weather Productions, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against the defendants ICEYE US, Inc. ("*ICEYE*") and Weather Group Television, LLC ("*WGT*") (collectively referred to as "*Defendants*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Michael Brandon Clement ("*Clement*") created a video showing flooding in Hindman, Kentucky (the "*Video*") in which Plaintiff owns all rights and licenses for various uses including online and print publications.

3. Defendant ICEYE is a technology company which owns and operates a Facebook account with the name "@ICEYE" (the "*Account*").

4. Defendant WGT provides television and radio broadcasting services and offers real-time weather information to viewers through cable television, internet, and radio. WGT serves customers worldwide.

5. Defendant ICEYE, without permission or authorization from Plaintiff, actively copied and displayed portions of the Video on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

6. Upon information and belief, Defendant ICEYE, without permission or authorization from Plaintiff, actively copied and displayed portions of the Video on its other public online platforms which are currently unknown to Plaintiff.

7. Defendant WGT, without permission or authorization from Plaintiff, authorized ICEYE to post a TV segment containing portions of the Video to the Account and other public online platforms if they post the Video as-is, unedited and obtained all requisite third-party consents.

## PARTIES

8. Plaintiff Global Weather Productions, LLC is a Wyoming limited liability company and maintains a principal place of business in Sheridan County, Wyoming.

9. Upon information and belief, defendant ICEYE US, Inc., is a Delaware corporation with a principal place of business at 70 Discovery, Irvine in Orange County, California.

10. Upon information and belief, defendant Weather Group Television, LLC is a Georgia limited liability company with a principal place of business at 300 Interstate North Parkway Southeast, Atlanta, Georgia 30339.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the federal copyright

PLAINTIFF'S COMPLAINT

infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12.    This Court has personal jurisdiction over defendant ICEYE because it maintains its principal place of business in California.

13.    This Court has personal jurisdiction over defendant WGT under the applicable long-arm jurisdictional statute of California because while defendant WGT maintains its principal place of business in Georgia, it purposely directs substantial activities at the residents of California by means of the transacted business with defendant ICEYE.

14.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

### A.    Plaintiff's Copyright Ownership

15.    Plaintiff is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

16.    Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

17.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

18.    Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

19.    On July 28, 2022, Clement first published the Video. A copy of a screengrab of the Video is attached hereto as Exhibit 1.

20.    In creating the Video, Clement personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination

3

PLAINTIFF'S COMPLAINT

necessary for the creation of the work.

21. On August 7, 2022, the Video was registered by the USCO under Registration No. PA 2-369-592.

22. Clement created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

23. On June 4, 2023, Plaintiff acquired the rights in and to the Video from Clement by way of written assignment.

**B.      Defendant's Infringing Activity**

24. On or about July 28, 2022, WGT licensed from Clement, through his licensing agent at the time, the Kentucky flooding Video for use in its television program ("*TV Program*"). The terms of the WGT license were that WGT acquired a non-exclusive license for a thirty (30) day term with no sublicensing, resale or distribution to any third-parties. WGT was limited to using the Video on WGT's owned and operated stations with no posting to social media.

25. On or about August 10, 2022, WGT conducted an interview of someone at ICEYE for a segment on WGT's TV program.

26. Upon information and belief, on August 11, 2022, ICEYE contacted WGT to inquire if WGT could "post that segment" to ICEYE's LinkedIn account.

27. Despite the limitations on WGT's license with Plaintiff, upon information and belief, WGT authorized ICEYE to post the TV Program segment, inclusive of Plaintiff's Video, on its LinkedIn account.

28. Upon information and belief, in November 2022, ICEYE further inquired if they could buy rights to TV Program segment which included the Video, for use on other social media channels and for marketing purposes.

29. Upon information and belief, WGT and ICEYE entered into a license agreement dated November 21, 2022 for the TV Program segment, inclusive of the Video.

PLAINTIFF'S COMPLAINT

30. Upon information and belief, the terms of the license agreement required ICEYE to obtain pre-approval from holders of rights in any intellectual property contained within the TV Program segment in which the rights are not owned or controlled by WGT, and ICEYE had to clear the footage with any third party.

31. Prior to its usage of the TV Program segment and Video, ICEYE never contacted Plaintiff for permission to use Plaintiff's Video.

32. Similarly, prior to ICEYE's usage of the TV Program segment and Video, WGT never requested permission or advised Plaintiff it had authorized ICEYE's usage of the Video.

33. In November 2022, at the time WGT licensed the TV Program segment to ICEYE, WGT's license with Plaintiff had expired as of August 27, 2022 without renewal.

34. Upon information and belief, defendant ICEYE is the registered owner of the Account and is responsible for its content.

35. Upon information and belief, defendant ICEYE is the operator of the Account and is responsible for its content.

36. The Account is a part of and used to advance defendant ICEYE's business.

37. The Account is monetized in that it promotes defendant ICEYE's products and services and, upon information and belief, defendant ICEYE profits from these activities.

38. On August 12, 2022, defendant ICEYE displayed the TV Program segment and Video on the Account as part of a post at URL https://www.facebook.com/watch/?v=799708477884605. A copy of a screengrab of the Account including the TV Program segment and Video is attached hereto as Exhibit 2.

PLAINTIFF'S COMPLAINT

39.    The Video as posted on the Account contains clear credit to Brandon Clement/LSM, the author and licensing agent.

40.    Defendant ICEYE copied, publicly displayed, or otherwise used the Video on the Account to promote its products and services known as Synthetic Aperture Radar.[1]

41.    Upon information and belief, the Video was copied and displayed by defendant ICEYE without a valid license or permission from Plaintiff, Clement or any licensing agent (hereinafter the unauthorized use set forth above is referred to as the "*Infringement*"), thereby infringing on Plaintiff's protected copyright interests in and to the Video.

42.    Upon information and belief, defendant ICEYE knew or should have known that it lacked the right to use the Video for promotional or advertorial purposes.

43.    Upon information and belief, defendant ICEYE was aware of its limited and conditional permission, if any, to use the Video but deliberately exploited the Video beyond the scope of that permission.

44.    Upon information and belief, the Video was willfully and volitionally posted to the Account by defendant ICEYE.

45.    Plaintiff first observed and actually discovered the Infringement on August 19, 2022.

46.    Upon information and belief, based on the November 2022 license from WGT, defendant ICEYE posted the TV Program segment and Video to a number of additional social media accounts.

47.    The Infringement includes a URL ("*Uniform Resource Locator*") for a

---

[1]    Synthetic Aperture Radar ("SAR") is a remote sensing technology that uses radar to create high-resolution images of the Earth's surface. ICEYE offers SAR data as both a product and a service. As a product, it provides processed radar imagery packaged for end users. As a service, ICEYE continuously collects and delivers these images via its satellite constellation, enabling real-time monitoring of environmental changes, disaster response, and other critical applications, regardless of weather or lighting conditions.

PLAINTIFF'S COMPLAINT

fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

48.    The Infringement displays the substantial and core segment of Plaintiff's original Video footage that was directly copied and displayed by defendant ICEYE on the Account.

49.    Upon information and belief, defendant ICEYE takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on, and/or displaying visual content including but not limited to Plaintiff's Video.

50.    Upon information and belief, based on the November 2022 license from WGT, defendant ICEYE used the TV Program and Video for marketing purposes.

51.    Any further uses by ICEYE of the TV Program segment, inclusive of the Video, would each be additional infringements by ICEYE of Plaintiff's exclusive rights to the Video (hereinafter referred to as "*Additional Infringements*").

52.    Upon information and belief, defendant ICEYE engaged in the Infringement and Additional Infringements knowingly and in violation of applicable United States copyright laws.

53.    Upon information and belief, defendant ICEYE has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

54.    Upon information and belief, defendant ICEYE monitors the content on its Account.

55.    Upon information and belief, defendant ICEYE has received a financial benefit directly attributable to the Infringement and Additional Infringements.

56.    Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused defendant ICEYE to realize an increase in its revenues.

PLAINTIFF'S COMPLAINT

57.     Upon information and belief, a large number of people have viewed the unlawful copy of the Video on the Account.

58.     Upon information and belief, a large number of people have viewed the Additional Infringements.

59.     Defendant ICEYE at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

60.     Defendant ICEYE's use of the Video harmed the actual market for the Video.

61.     Defendant ICEYE's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

62.     Defendant WGT's distribution and resale of the Video to ICEYE infringed on Plaintiff's exclusive rights to the Video.

63.     Defendant WGT materially contributed to the Infringement and Additional Infringements by ICEYE.

64.     Upon information and belief, defendant WGT has received a financial benefit directly attributable to the distribution and resale of the Video to ICEYE.

65.     Defendant WGT's distribution and resale of the Video harmed the actual market for the Video.

66.     Defendant WGT's distribution and resale of the Video, if widespread, would harm Plaintiff's potential market for the Video.

67.     Prior to commencement, Plaintiff contacted WGT in an effort to resolve the matter without litigation.

68.     Despite Plaintiff's efforts and willingness to address WGT's infringing activity the parties were unable to reach a resolution and Plaintiff was forced to seek judicial intervention for Defendants' infringing activities.

69.     As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

PLAINTIFF'S COMPLAINT

## FIRST COUNT AGAINST DEFENDANT ICEYE
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

70.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

71.     The Video is an original, creative work in which Plaintiff owns a valid copyright.

72.     The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

73.     Plaintiff has not granted defendant ICEYE a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to defendant ICEYE.

74.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, defendant ICEYE improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

75.     Defendant ICEYE's storage, reproduction and display of the Video constitutes willful copyright infringement.

76.     Upon information and belief, defendant ICEYE willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that defendant ICEYE used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Account.

77.     Upon information and belief, defendant ICEYE willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that defendant ICEYE used, published, communicated, posted, publicized, and otherwise

PLAINTIFF'S COMPLAINT

held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it for the Additional Infringements.

78. As a result of defendant ICEYE's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of ICEYE's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

79. As a result of the defendant ICEYE's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from defendant ICEYE.

80. As a result of defendant ICEYE's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT AGAINST DEFENDANT WGT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

81. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

82. The Video is an original, creative work in which Plaintiff owns a valid copyright.

83. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

84. In November 2022, when WGT licensed the Video to ICEYE, WGT's limited license with Plaintiff had expired.

PLAINTIFF'S COMPLAINT

85.    In November 2022, when WGT licensed the Video to ICEYE, WGT's limited license with Plaintiff did not allow it to distribute the Video to any third-parties.

86.    WGT's limited license with Plaintiff did not allow WGT to sublicense or resell the Video in any manner.

87.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, defendant WGT improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

88.    Defendant WGT reproduction, resale, licensing and distribution of the Video and display of the Video violates Plaintiff's exclusive rights under 17 U.S.C. §106 and constitutes willful copyright infringement.

89.    Upon information and belief, defendant WGT willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that defendant WGT used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by selling its usage to ICEYE.

90.    As a result of defendant WGT's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of WGT's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

91.    As a result of the defendant WGT's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from defendant

PLAINTIFF'S COMPLAINT

WGT.

92.     As a result of defendant WGT's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

### THIRD COUNT AGAINST WGT
### *(Contributory Copyright Infringement)*

93.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

94.     Defendant WGT herein has caused, enabled, facilitated and materially contributed to the ICEYE Infringement and Additional Infringements.

95.     Defendant WGT's actions substantially contributed to the infringing activity by improperly licensing the Video to ICEYE in violation of its expired license agreement with Plaintiff.

96.     Defendant WGT is liable as a contributory infringer since it had actual knowledge of its contribution to ICEYE's infringing conduct and induced, caused and materially contributed to that conduct.

97.     Defendant WGT's conduct and contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff.

98.     Upon information and belief, WGT willfully contributorily infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code.

99.     As a result of Defendant WGT's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant WGT's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant

PLAINTIFF'S COMPLAINT

to 17 U.S.C. § 504(c).

100. As a result of the Defendant WGT's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from WGT.

101. As a result of Defendant WGT's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain further infringement of its copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

102. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a.    finding that Defendants infringed Plaintiff's copyright interest in and to the Video by copying, displaying and/or distributing it without Plaintiff's license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

    d.    for pre-judgment interest as permitted by law; and

    e.    for any other relief the Court deems just and proper.

PLAINTIFF'S COMPLAINT

DATED:  June 11, 2025                  **SANDERS LAW GROUP**

By:  _/s/ Craig Sanders_
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129711

*Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT